UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK CHATMAN                                                          PETITIONER

V.                                              CIVIL ACTION NO.4:10CV79-SA-JAD

STATE OF MISSISSIPPI.                                                     RESPONDENT

## REPORT AND RECOMMENDATION

The undersigned has considered the respondent's motion to dismiss [13] for failure to exhaust. The petitioner has filed no response in opposition to the motion. The undersigned recommends that the petition be dismissed without prejudice because of the petitioner's failure to exhaust his state remedies.

A fundamental prerequisite to the granting of federal habeas relief is the exhaustion of all state remedies. 28 U.S.C. § 2254 (b) and (c). Chatman's direct appeal ended with a decision by the Mississippi Court of Appeals on February 23, 2010. His judgment of conviction became final 14 days later when the time for requesting a rehearing under Mississippi procedure expired. Therefore, the issues in his case where not presented to the Mississippi Supreme Court on direct appeal. Chatman has not filed for post-conviction relief with that court and that remedy remains open to him.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

Chatman is cautioned that although Mississippi statutory law allows three years for the filing of a motion for post-conviction relief, the Anti-Terrorism and Effective Death Penalty Act, (AEDPA), which governs federal habeas relief for those in state custody, allows only one year. Additionally, the time that has expired while this petition has been pending in this court does not toll one day of

that one year time limit. *Duncan v. Walker*, 533 U.S.167, 181, 121 S.Ct. 2120, 2129 (2001). Chatman's conviction became final for the purposes of the federal period of limitations on Tuesday, March 9, 2010. **As of the date of this report and recommendation, 302 days of the one year period has now expired. In the 63 days that remain, Chatman must 1) seek post-conviction relief from the Mississippi Supreme Court[1] and 2) to file a new action in this court <u>after</u> the Mississippi Supreme Court acts on the petition. Chatman must immediately seek post-conviction relief with the Mississippi Supreme Court. He must immediately refile with this court after the state court rules on the post-conviction motion.** Even extreme diligence may not prevent the running of the one-year federal period of limitations. Chatman was given fair warning by the filing of the respondent's motion to dismiss that he needed to return to state court. He has created his own peril by failing to heed the warning at an earlier point in time.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date.

---

[1] The AEDPA time will be tolled between the time the Mississippi Supreme Court files a post-conviction motion and the time it acts on the motion. Mississippi does not employ a mail box rule, unlike the federal court system.

Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of January, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE